✎ JS-44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Quiana White

## DEFENDANTS

I.C. System, Inc.

**(b)** County of Residence of First Listed Plaintiff    Montgomery, PA

(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Ramsey County, MN

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)

Vicki Piontek, Esquire
951 Allentown Rd, Lansdale PA 19446 877-737-8617

Attorneys (If Known)

Sarah E. Holmes, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street, Philadelphia, PA 19103 215-575-2757

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE / PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits.<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 195 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury – Med Malpractice<br>☐ 365 Personal Injury – Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157 |
| | | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☒ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| | | | ☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | |
| | | **LABOR** | **SOCIAL SECURITY** | |
| | | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing / Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities—Employment<br>☐ 446 Amer. w/Disabilities—Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS – Third Party 26 USC 7609 | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692, et seq.

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)    JUDGE _____    DOCKET NUMBER _____

DATE
May 9, 2012

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 11/04)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.      **(a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**      Example:      U.S. Civil Statute: <u>47 USC 553</u>
                                                                                    Brief Description: <u>Unauthorized reception of cable service</u>

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **QUIANA WHITE** | **Civil Action No.** |
| Plaintiff, | |
| **vs.** | |
| **I.C. SYSTEM, INC., JOHN DOES 1-10 AND X, Y, Z CORPORATIONS** | |
| Defendants. | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331, Defendant, I.C. System, Inc., by and through its Counsel, Marshall, Dennehey, Warner, Coleman & Goggin, P.C., hereby removes the action entitled <u>Quiana White v. I.C. System, Inc., John Does 1-10 and X,Y,Z Corporations</u>, docket no. 07651, as filed in the Court of Common Pleas of Montgomery County, Pennsylvania ("the Action"), to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

1.     On or about March 28, 2012, Plaintiff filed the Action in the Court of Common Pleas of Montgomery County, Pennsylvania. A true and correct copy of Plaintiff's Complaint in the Action is attached hereto as Exhibit "A."

2.     I.C. System, Inc. first received notice of the Action on or around April 23, 2012, when it was served with Plaintiff's Complaint via certified mail.

3.     Based on the foregoing, I.C. System, Inc. has timely filed this Notice of Removal within thirty days of being served with the Complaint and

within thirty days of the date that the Action was first removable.   See 28 U.S.C. § 1446(b).

4.   The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by I.C. System, Inc. pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff has alleged, *inter alia,* that I.C. System, Inc. violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., thereby asserting a claim that arises under federal law.

5.   In that the causes of action alleged by the Plaintiff arise from the performance of obligations of the parties within Montgomery County, Pennsylvania, the United States District Court for the Eastern District of Pennsylvania should be assigned the Action.

6.   Pursuant to 28 U.S.C. § 1446(d), I.C. System, Inc. will file a copy of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Pennsylvania, will serve Plaintiff with copies of this Notice of Removal and will file the Notice of Removal in the Montgomery County Court of Common Pleas.

**WHEREFORE**, Defendant, I.C. System, Inc., notifies this Court that this cause is removed from the Court of Common Pleas of Montgomery County, Pennsylvania to the United States District Court for the Eastern District of

Pennsylvania pursuant to the provisions of 28 U.S.C. §§1331, and 1446.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.C.**

By: _____
SARAH E. HOLMES, ESQUIRE
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103
(215) 575-2757 / (215) 575-0856 (f)
seholmes@mdwcg.com
Attorney for Defendant,
I.C. System, Inc.

Dated: **May 9, 2012**
01/7883127.v1

# EXHIBIT "A"

RECEIVED
APR 23 2012
cert

42863704-1

answer
due
5/11/2012

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Quiana White                                    :
c/o Piontek Law Office                          :
951 Allentown Road                              :
Lansdale, PA  19446                             :       2012-07651
                        Plaintiff               :
                                                :
Vs.                                             :
I.C. System, Inc.                               :       Jury Trial Demanded
444 Highway 96 East                             :
P.O. Box 64378                                  :
Saint. Paul, MN 55164                           :
and                                             :
John Does 1-10                                  :
and                                             :
X,Y,Z Corporations                              :
                        Defendants              :

## NOTICE

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede Street, Norristown, PA 19401
610-275-5400

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Quiana White                :
c/o Piontek Law Office       :
951 Allentown Road         :       2012-07651
Lansdale, PA 19446          :
            Plaintiff       :
                              :
Vs.                           :
I.C. System, Inc.           :       Jury Trial Demanded
444 Highway 96 East        :
P.O. Box 64378             :
Saint. Paul, MN 55164      :
and                         :
John Does 1-10            :
and                         :
X,Y,Z Corporations        :
           Defendants    :

## COMPLAINT

### INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s)'
   alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq.
   (hereinafter "FDCPA").



2012-07651-0002
3/30/2012 2:08:25 PM
Complaint In
Receipt # Z1488850     Fee    $0.00
Mark Levy - Montgomery County Prothonotary

## JURISDICTION AND VENUE

2.  All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3.  Venue is proper in this jurisdiction because Defendant(s) regularly transact(s) business throughout this jurisdiction.

4.  Defendant obtains the benefit(s) of regularly transacting business in this jurisdiction.

5.  A substantially portion of the conduct complained of occurred near this jurisdiction.

## PARTIES

6. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7. Plaintiff is Quiana White, an adult individual with a current address of c/o Piontek Law Office, 951 Allentown Road, Lansdale, PA 19446.

8. Defendant is I.C. System, Inc., a Delaware Corporation, engaged in consumer debt collection with a principle place of business located at I.C. System, Inc. 444 Highway 96 East, P.O. Box 64378, Saint. Paul, MN 55164.

9. Defendants may include John Does 1-10, persons whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such Does played a substantial role in the commission of the acts described in this Complaint.

10. Defendants may include X,Y,Z Corporations, business entities whose names and identities are not known to Plaintiff at this time, or whose liability is not know, but which may become known to Plaintiff following discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this Complaint.

**COUNT ONE:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES**

**ACT, 15 USC 1692 , et. seq.**

**Use of False and Fake Caller ID**

11. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

12. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

13. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

14. At all times mentioned herein, Defendant(s) was attempting to collect on an alleged consumer debt against Plaintiff.

**15.** When Defendant called Plaintiff, Defendant  used the phone number 484-601-7123 on Plaintiff's called ID as the identification number.

16. 484-601-7123 is a Pennsylvania phone number.

17. Defendant(s) does not have any offices in Pennsylvania.

18. None of Defendant(s)' call centers are located in Pennsylvania.

19. None of Defendant(s)' calls originate from Pennsylvania.

20. It is believed and averred that that the calls from Defendant(s) to Plaintiff originated outside the state of Pennsylvania.

21. It is believed and averred that Defendant does not have a place of business located in Pennsylvania.

22. It is believed and averred that the phone number 484-601-7123 which Defendant(s) caused to appear on the caller ID was deceptive and confusing to the consumer because the appearance of the 484-601-7123 phone number gave the false impression to the consumer that the phone call was coming from Pennsylvania when in fact the phone call was not coming from Pennsylvania.

23. It is believed and averred that the use of the false caller ID was a violation of 15 USC 1692e, failure to disclose identity, and 15 USC 1692 f deceptive and unconscionable collection practices.

**COUNT TWO:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES
ACT, 15 USC 1692 , et. seq.**

**(Unauthorized Disclosure to Unauthorized 3rd Party; or in the Alternative, Failure to
Make Required Disclosures in a Communication)**

24. All previous paragraphs of this complaint are incorporated by reference and made a part
of this portion of the complaint.

25. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act
(FDCPA), 15 USC 1692 et. Seq.

26. Defendant(s) is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

27. At all times mentioned herein, Defendant(s) was attempting to collect on an alleged
consumer debt against Plaintiff.

28. At all times mentioned herein, the events described in this Complaint took place within
the applicable statute of limitations, during the Year of Our Lord 2012.

29. At all times mentioned herein, Plaintiff shared a residence and a telephone line with her
brother, Icarus Harmon.

30. On or about March 21, 2012, Plaintiff's brother forwarded the shared residential line to
his cell phone so he did not miss an important call that day.

31. On or about March 21, 2012, Defendant(s) contacted the residential telephone line that was shared between Plaintiff and her brother, in an effort to contact Plaintiff about an alleged consumer debt.

32. Said phone call on or about March 21, 2012 was then forwarded to Plaintiff's brother's cell phone.

33. Defendant(s) did not leave a message, but the call showed up on Plaintiff's brother's missed call log on Plaintiff's brother' cell phone.

34. Plaintiff's brother was used to getting calls from his own debt collectors at the time.

35. The missed call log on Plaintiff's brother's cell phone contained numbers from both Plaintiff's brother's debt collectors as well as Plaintiff's debt collectors since Plaintiff and her brother shared the residential line which had been forwarded to Plaintiff's brother's cell phone.

36. On or about March 21, 2012, Plaintiff's brother, Icarus Harmon, decided to check and see which debt collectors might be calling him that day, so he examined the missed call log on his cell phone number.

37. Plaintiff's brother decided to call some of the debt collector telephone numbers that showed up on his missed call log on his cell phone.

38. One of the missed calls that showed up on Plaintiff's cell phone was 484-601-7123 which was assigned to Defendant(s).

39. Plaintiff's brother did not know why IC Systems was calling, so he decided to call Defendant(s), IC Systems to see why they were calling.

40. During the call that took place on March 21, 2012, Plaintiff's brother asked Defendant(s) why they were calling his phone.

41. During said conversation, it was revealed that Defendant(s) was trying to contact Plaintiff, and not Plaintiff's brother.

42. During said conversation, Defendant(s) asked to speak to Plaintiff. Plaintiff's brother then told Defendant that his sister (Plaintiff) was not available.

43. Defendant(s) then proceeded to leave a message with Plaintiff's brother, and asked Plaintiff's brother to have Plaintiff give Defendant(s) a call back at a particular telephone number which Defendant gave to Plaintiff's brother and Plaintiff's brother made a note of.

44. Said message was initiated by Defendant(s), and not solicited in any way by Plaintiff's brother.

45. Said message was not for the purpose of acquiring location information about Plaintiff, but rather for communicating information about the alleged consumer debt that Defendant(s) was trying to collect from Plaintiff.

46. At no time did Plaintiff authorize Defendant(s) to communicate about the alleged debt with Plaintiff's brother.

47. The above referenced message(s) left by Defendant with Plaintiff's brother was / were a communication as defined by 15 USC 1692(a)(2). See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006); INMAN v. NCO FINANCIAL SYSTEMS, INC, United States District Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v. NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006.  See GRYZBOWSKI  v. I.C. SYSTEM, INC 3:CV-08-1884, UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (2010).

48. Every telephone message left by a debt collector must give meaningful disclosure of the debt collector's identity, as well as state that the purpose of the call is to collect a debt. See Foti v. NCO Financial Systems, Inc., 424 F. Supp.2d 643 (S.D.N.Y. 2006); INMAN v. NCO FINANCIAL SYSTEMS, INC, United States District Court for the Eastern District of Pennsylvania, Docket Number NO. 08-5866; Edwards v. NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006.  See GRYZBOWSKI  v. I.C. SYSTEM, INC 3:CV-08-1884, UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (2010).

49. Said message(s) from Defendant(s) to Plaintiff's brother  violated the FDCPA, 15 USC 1692 d (6) et. seq. because the message(s)  did not disclose the identity of the debt collector.

50. Said message from Defendant(s) to Plaintiff's mother and / or Plaintiff's teenage daughter violated 15 USC 1692 e (11) of the FDCPA because the message(s)  not disclose that the nature and purpose of the call was to collect a debt.

51. The FDCPA does not guarantee the right of the debt collector to leave messages. Edwards v. NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006.

52. What Defendant(s) should have done while speaking to Plaintiff's  brother was ask if Plaintiff was there, and if not, then say goodbye and call back later.

53. Defendant(s) did not have a right to leave a message with Plaintiff's brother, because the FDCPA does not guarantee the right of a debt collector to leave telephone messages with third parties.  Edwards v. NIAGARA CREDIT SOLUTIONS, INC., United States Court of Appeals for the Eleventh Circuit, Docket Number 08-17006.

## LIABILITY

54. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

55. Defendant(s) is liable to Plaintiff(s) for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant.

56. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of negligent supervision.

57. In the alternative, Defendant is liable to Plaintiff(s) under the doctrine of the non-deligible duty.

58. In the alternative, Defendant(s) is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

59. Any mistake made by Defendant would have included a mistake of law.

60. Any mistake made by Defendant would not have been a reasonable bona fide mistake.

## DAMAGES

61. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

62. At least $1.00 actual damages, including but not limited to phone, fax, stationary, postage, etc.

63. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory under the FDCPA 15 USC 1692k.

**64.** Plaintiff suffered emotional distress with a Dollar value to be proven at trial.

**ATTORNEY FEES**

65. All previous paragraphs of this complaint are incorporated by reference and made a part
of this complaint.

66. Plaintiff is entitled to reasonable attorney fees in this matter at a rate of no less than $350
per hour, or other rate that this Honorable Court deems just and fare, pursuant the fee
shifting provision of the FDCPA.

67. Plaintiff's attorney fees of $1,925.00 at a rate of $350.00 per hour, are enumerated below.

a. Consultation with client                                      .5

b. Drafting, editing and review and service of complaint
and related documents                                        2

c. Follow up With Defense                                        2
                                                       _____

                                                       5.5 x $350 = $1,925

68. Plaintiff's attorney fees continue to accrue as the case move forward.

**69.** The above stated attorney fees include prosecution of this complaint to the date of the
instant filing and reasonable follow up.

## OTHER RELIEF

70. All previous paragraphs of this complaint are incorporated by reference and made a part of this portion of the complaint.

71. Plaintiff seeks injunctive relief barring further unlawful collection activity.

72. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

73. Plaintiff requests a jury trial in this matter.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $2,926.00.

$1.00 actual damages more or less for postage, stationary , fax, etc.

$1,000.00 statutory damages under the FDCPA

$1,925 attorney fees

_____

$2,926

Plaintiff seeks such other relief as the Court deems just and fair.

_____        3 - 29 - 2012
Vicki Piontek, Esquire                        Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
717-533-7472
Fax: 866-408-6735
palaw@justice.com

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Quiana White                                          :
c/o Piontek Law Office                                :
951 Allentown Road                                    :
Lansdale, PA  19446                                   :
                              Plaintiff               :

Vs.                                                   :
I.C. System, Inc.                                     :        Jury Trial Demanded
444 Highway 96 East                                   :
P.O. Box 64378                                        :
Saint. Paul, MN 55164                                 :
and                                                   :
John Does 1-10                                        :
and                                                   :
X,Y,Z Corporations                                    :
                              Defendants              :

## VERIFICATION

I, Quiana White, have read the attached complaint.  The facts stated in the complaint are true and accurate to the best of my knowledge, understanding and belief.


_Quiana White_  3/23/12
Quiana White  Date

I.C. System, Inc.                        :
444 Highway 96 East                      :
P.O. Box 64378                           :
Saint. Paul, MN 55164                    :



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

Piontek Law Office
951 Allentown Road
Lansdale, PA 19446

7010 1870 0002 9571 4396

RETURN RECEIPT
REQUESTED



U.S. POSTAGE
PAID
PHILADELPHIA,PA
19107
APR 18, 12
AMOUNT
**$6.35**
00100670-19

1000          55164

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### <u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

| | | |
|---|---|---|
| **QUIANA WHITE** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **I.C. SYSTEM., ET AL.** | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)   Habeas Corpus-Cases brought under 28 U.S.C. §2241 through §2255.                     ( )

(b)   Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                       ( )

(c)   Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)   Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                                    ( )

(e)   Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                                      ( )

(f)   Standard Management--Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| May 9, 2012 | _Sarah E. Holmes, Esquire._ | I.C. System, Inc. |
| Date | Attorney-at-law<br>Sarah E. Holmes, Esquire. | Attorney for Defendant |
| | | seholmes@mdwcg.com |
| (215) 575-2757 | (215) 575-0856 | |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)   10/02

551629

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management of Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate of limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See § 1.02(e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions of potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff ___ Quiana White c/o Vicki Piontek, Esquire - 951 Allentown Road, Lansdale, PA 19446 _____

Address of Defendant ___ I.C. System, Inc. c/o Sarah E. Holmes, Esquire - 1845 Walnut Street, 17th Fl., Philadelphia, PA 19103 _____

Place of Accident, Incident or Transaction ___ Montgomery County, PA _____
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more if its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 8.1(a))      Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?      Yes ☐   No ☒
*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?      Yes ☐   No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

| A. | *Federal Question Cases:* | | B. | *Diversity Jurisdiction Cases* |
|---|---|---|---|---|
| 1. | ☐ Indemnity Contract, Marine Contract, and All Other Contracts | 1. | ☐ Insurance Contract and Other Contracts |
| 2. | ☐ FELA | 2. | ☐ Airplane Personal Injury |
| 3. | ☐ Jones Act-Personal Injury | 3. | ☐ Assault, Defamation |
| 4. | ☐ Antitrust | 4. | ☐ Marine Personal Injury |
| 5. | ☐ Patent | 5. | ☐ Motor Vehicle Personal Injury |
| 6. | ☐ Labor-Management Relations | 6. | ☐ Other Personal Injury (Please specify) |
| 7. | ☐ Civil Rights | 7. | ☐ Products Liability |
| 8. | ☐ Habeas Corpus | 8. | ☐ Products Liability – Asbestos |
| 9. | ☐ Securities Act(s) Cases | 9. | ☐ All other Diversity Cases |
| 10. | ☐ Social Security Review Cases | | (Please specify) |
| 11. | ☒ All other Federal Question Cases | | |
| | (Please specify)   FDCPA | | |

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, ___ Sarah E. Holmes, Esquire ___ counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE ___ May 9, 2012 ___      ___ Sarah E. Holmes ___      ___ 202587 ___
                                       Attorney-at-Law                        Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE ___ May 9, 2012 ___      ___ Sarah E. Holmes ___      ___ 202587 ___
                                       Attorney-at-Law                        Attorney I.D. #

01/7883179.v1